UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| IN RE: | CASE NOS.: |
|---|---|
| EASTERN SHORE ACQUISITION CORPORATION | 13-07678-8-SWH |
| EASTERN SHORE AMBULANCE, INC. | 13-07679-8-SWH |
| AMERICAN AMBULETTE & AMBULANCE SERVICE, INC., D/B/A MEDCORP, D/B/A LIFE AMBULANCE | 13-07673-8-SWH |
| COASTLINE CARE, INC. | 13-07676-8-SWH |
| TRANSMED, LLC, D/B/A TRANSMED OF GEORGETOWN, LLC | 13-07681-8-SWH |
| MARMAC TRANSPORTATION SERVICES, INC. | 13-07680-8-SWH |
| DEBTORS | CHAPTER 7 |

**TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY**

The undersigned Trustee, pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014, applies to the Court for authority to employ an attorney and for authority to act as attorney for the bankruptcy estate in his own behalf, and respectfully shows in support thereof:

1. The undersigned is the Trustee in the above bankruptcy cases.

2. It is necessary for the Trustee to employ an attorney for the following general reasons:

To assist in identifying the legal problems which may arise in the administration of the estates, to examine security agreements, deeds of trust and other instruments which may constitute liens upon the property of the estate, to identify and examine any statutory or judicial liens, to determine the validity and priority of all such security agreements, liens and encumbrances, to investigate any additional assets and any rights which the Trustee may have to property of the estate, to examine and research all legal problems which may arise in the administration of the estate, to prepare tax returns in the event that the Trustee does not hire an accountant and to generally advise and represent the Trustee upon any legal matters which may arise in the course of the administration of the bankruptcy estate.

3.  The Trustee proposes to employ the law firm of Butler & Butler, LLP as its attorneys in this proceeding and to serve as its attorneys on his own behalf so far as the same may be practical and beneficial to the estate.

4.  The attorneys of Butler & Butler, LLP have wide legal experience in bankruptcy matters, should be able to adequately handle most of the legal matters involving the bankruptcy estates, and it will be in the best interest of the estate for Butler & Butler, LLP to serve as attorney for the Trustee in this case.

5.  The Trustee requests that compensation for legal services as attorney for the estate be allowed on a reasonable basis, in such amount as determined by the Court, after or during the performance of such services, on an interim or final basis and after application for such compensation.

6.  The proposed firm and its attorneys have no connection with the Debtors, the creditors or any other party in interest, their respective attorneys or accountants, in connection with this bankruptcy estate, except for the former brief connection with counsel for one or more wage creditors as set forth in the attached affidavit, and the proposed firm and its attorneys do not hold or represent any interest adverse to the estate, and are disinterested persons as set forth in Section 327 of the Bankruptcy Code to be employed as attorney for the estate.

7.  The Debtors' schedules have not yet been filed.  However, the petitions filed by the Debtors in these cases reflect that value of the Debtors' assets and liabilities are as follows:

The value of the assets of the Debtor(s) is: $1,000,001 to $10,000,000.

The amount of liabilities of the Debtor(s) is: $10,000,001 to $50,000,000.

WHEREFORE, the Trustee prays that he be authorized to employ and retain the law firm of Butler & Butler, LLP as attorneys for the estate, with such attorneys to be allowed such compensation as may be approved by the Court.

DATED:    December 19, 2013            s/Algernon L. Butler, III
                                        Algernon L. Butler, III
                                        Chapter 7 Trustee
                                        P. O. Box 38
                                        Wilmington, NC 28402
                                        Telephone:  (910) 762-1908
                                        Facsimile:   (910) 762-9441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NOS.:** |
| **EASTERN SHORE ACQUISITION CORPORATION** | **13-07678-8-SWH** |
| **EASTERN SHORE AMBULANCE, INC.** | **13-07679-8-SWH** |
| **AMERICAN AMBULETTE & AMBULANCE SERVICE, INC., D/B/A MEDCORP, D/B/A LIFE AMBULANCE** | **13-07673-8-SWH** |
| **COASTLINE CARE, INC.** | **13-07676-8-SWH** |
| **TRANSMED, LLC, D/B/A TRANSMED OF GEORGETOWN, LLC** | **13-07681-8-SWH** |
| **MARMAC TRANSPORTATION SERVICES, INC.** | **13-07680-8-SWH** |
| **DEBTORS** | **CHAPTER 7** |

**AFFIFAVIT**

ALGERNON L. BUTLER, III of the firm of Butler & Butler, LLP, being first duly sworn, deposes and says in connection with the attached Trustee's Application for Authority to Employ Attorney:

1. I am an attorney of the firm of Butler & Butler, LLP, am licensed to practice law in the United States Bankruptcy Court for the Eastern District of North Carolina, and am presently serving as Trustee in the above bankruptcy estates.

2. The law firm of Butler & Butler, LLP does not hold or represent any interest adverse to the bankruptcy estate, the firm is a disinterested person as contemplated under Section 327(a) of the Bankruptcy Code and it will be in the best interest of the estate that the firm serve as attorney for the estate.

3. The law firm of Butler & Butler, LLP has no business, professional or other connection with the Debtors, creditors or any other party in interest, their respective attorneys or accountants, except as set forth herein.

4. The only connection that I have had with anyone with regard to the Debtors is as follows:

a. On December 10, 2013 at approximately 9:30 a.m., attorney Algernon L. Butler, III ("Mr. Butler") with the law firm of Butler & Butler, LLP in Wilmington, North Carolina was contacted for the first time via telephone by Jack A. Raisner ("Mr. Raisner") with the law firm of Outten & Golden, LLP ("Outten & Golden") in New York, New York. As one of the largest employment firms in the nation, Mr. Raisner and Outten & Golden frequently provide nationwide representation to plaintiffs in complex class action Worker Adjustment and Retraining Notification ("WARN") Act cases and frequently retain local counsel to file pleadings in states in which they are not licensed attorneys.

b. In the December 10, 2013 telephone conference, which lasted approximately 5 minutes, Mr. Raisner informed Mr. Butler that Mr. Raisner and Outten & Golden represented a Mr. Branden Engle and a putative class of recently terminated employees (the "Plaintiff(s)") of FirstMed EMS, LLC which was believed to be a company with its principal office located in Wilmington, North Carolina. Mr. Raisner further requested that Mr. Butler serve as local counsel for the purpose of filing a class action complaint against FirstMed EMS, LLC because Mr. Raisner is not licensed as an attorney in North Carolina.

c. On December 10, 2013 at approximately 11:30 a.m., and at the request of Mr. Raisner, Mr. Butler, as Local Civil Rule 83.1 local counsel, filed a complaint prepared by Mr. Raisner commencing a civil action (the "Action") and a Notice of Appearance as Local Civil Rule 83.1 counsel for the Plaintiff(s). A copy of the complaint is attached hereto as **Exhibit A**.

d. Outten & Golden drafted the Complaint and reviewed the facts and merits of the Action prior to contacting Mr. Butler.

e. Mr. Butler's only knowledge of the facts, allegations and merits of the Action were obtained solely by virtue of him being provided by Outten & Golden a copy of the Complaint in this Action.

f. Mr. Butler was not provided any information about the Action other than being furnished a copy of the Complaint, and he was not asked to undertake any review or investigation of the fact and merits of the Action.

g. Mr. Butler has not requested any compensation from the Plaintiff(s) or Outten & Golden for the actions taken as local counsel in the Action, and has only has requested reimbursement of the $400 filing fee paid by his firm to file the Complaint. There was no engagement agreement between Mr. Butler and Outten & Golden or the Plaintiff(s).

h. On December 11, 2013, Eastern Shore Acquisition Corporation, (Case No. 13-07678); Eastern Shore Ambulance, Inc. (Case No. 13-07679); American Ambulette & Ambulance Service, Inc., d/b/a MedCorp, d/b/a Life Ambulance (Case No. 13-07673); Coastline Care, Inc. (Case No. 13-07676); TransMed, LLC d/b/a TransMed of Georgetown, LLC (Case No. 13-07681); and MarMac Transportation Services, Inc. (Case No. 13-07680) (collectively, the "Debtors") filed voluntary petitions under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina, Wilmington Division (the "Bankruptcy Cases").

i. The Plaintiff(s) are potential creditors in the Bankruptcy Cases.

j. On December 11, 2013, Mr. Butler was appointed as the Chapter 7 Trustee in the Bankruptcy Cases.

k. Promptly upon the appointment by Mr. Butler as Chapter 7 Trustee, Mr. Raisner, Mr. David Wender with the law firm of Alston + Bird as counsel for the Debtors, Mr. Henry L. Kitchin, Jr. with the law firm of McGuireWoods LLP as counsel for Bank of Montreal and BMO Harris Equipment Finance Company (which are the largest creditors in the Debtors' cases), and Mrs. Marjorie K. Lynch as Bankruptcy Administrator were contacted and notified by Mr. Butler of the facts set forth above and expressed no objection to Mr. Butler's service as trustee in these cases.

l. On December 16, 2013 Mr. Raisner and Outten & Golden, as attorneys for and on behalf of the Plaintiff(s), signed the Acknowledgement & Release attached hereto as **Exhibit B**.

m. On December 16, 2013, and with the consent of Outten & Golden, Mr. Butler filed with the U.S. District Court a motion to withdraw as Local Civil Rule 83.1 counsel for the Plaintiff(s), and on December 17, 2013 the court entered an order allowing Mr. Butler's withdraw as local counsel a copy of which is attached as **Exhibit C**.

n. Before December 10, 2013, Mr. Butler had never heard of and did not know the Debtors, the Plaintiff(s), Mr. Raisner, and/or Outten & Golden.

o. Neither Mr. Raisner nor any other attorney for or representative of the Plaintiff(s) has provided Mr. Butler or any attorney or employee of his firm with any facts regarding the subject matter of the Action other than those set forth in the Complaint, they have provided to Mr. Butler no documents related to the Action other than the Complaint and Summons, and they have not communicated with Mr. Butler regarding the merits of the Action.

p. Mr. Butler is not privy to any confidential information about the Plaintiff(s) or the Debtors by reason of his brief appearance as local counsel and has no known prior connection or relationship with the Plaintiff(s) or Outten & Golden other than his appearance as local counsel in the Action.

q. Neither Mr. Butler nor his firm hold, or have ever held, any economic or other interest in or aligned with the Plaintiff(s) or in the outcome of the Action.

5. Neither Mr. Butler nor the law firm of Butler & Butler, LLP hold or represent any interest adverse to the Debtors, the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, any creditors, or for any other reason.

6. The attorneys of the law firm of Butler & Butler, LLP are experienced in the matters upon which they are to be employed.

                                                   s/ Algernon L. Butler, III
                                                   ALGERNON L. BUTLER, III

IN THE STATE OF NORTH CAROLINA
IN THE COUNTY OF NEW HANOVER

SWORN to and subscribed before me
this 19 day of December, 2013.

_Susan Dean_
Notary Public
My Commission Expires: 7/23/2017

[Notary Seal: SUSAN DEAN, NOTARY PUBLIC, NEW HANOVER COUNTY, NC]


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDEN ENGLE,<br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FIRSTMED EMS, LLC,<br><br>Defendant. | Civ. Case No.:<br><br>7:13-cv-00263 |

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF WARN ACT, 29 U.S.C. § 2101, *et seq.*

Plaintiff BRANDEN ENGLE ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees against FirstMed EMS, LLC ("FirstMed" or "Defendant") by and through his counsel as follows:

### NATURE OF THE ACTION

1. Beginning on or about December 6, 2013, and within ninety (90) days of that date, FirstMed terminated without notice the employment of approximately 2,000 full-time employees.

2. Plaintiff brings this action on behalf of himself, and other similarly situated former employees who were terminated without cause by FirstMed, as part of, or as the foreseeable result of, plant closings or mass layoffs, and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

3. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. This court has personal jurisdiction over Defendant FirstMed EMS, LLC because it resides here, and is incorporated in the State of North Carolina.

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391 because Defendant FirstMed EMS, LLC resides and conducts business here.

## THE PARTIES

### *Plaintiff*

7. At all relevant times, Plaintiff was employed by Defendant.

8. Mr. Engle worked at Defendant's facility at 745 MedCorp Drive, Toledo Ohio 43608 (the "Ohio Facility") until his termination on or about December 6, 2013.

9. At all relevant times, the other similarly-situated former employees worked at the Ohio Facility or facilities owned and operated by Defendant in Ohio, North Carolina, South Carolina, West Virginia, Kentucky, Virginia and other states, (together, the "Facilities"), as that term is defined by the WARN Act, until their terminations within 90 days of December 6, 2013.

### *Defendant*

10. Defendant FirstMed EMS, LLC is a North Carolina corporation with its principal place of business located at 379 North Front Street, Wilmington, North Carolina, and conducted business in this district.

11. Defendant is in the business of providing emergency medical services and transportation.

12. Upon information and belief, Defendant FirstMed EMS, LLC does business under various names, including MedCorp, TransMed, and Life Ambulance.

13. Upon information and belief, Enhanced Equity Fund II, LLP owns 100 percent of the shares of FirstMed EMS, LLC.

14. Upon information and belief and at all relevant times, Enhanced Equity Fund II, LLP is the ultimate owner of Defendant.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

15. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to Defendant's Facilities and were terminated without cause beginning on or about December 6, 2013, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant beginning on or about December 6, 2013, and within 90 days of that date, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> i. whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;
>
> ii. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and
>
> iii. whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

20. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at or reported to one of Defendant's Facilities and was terminated by Defendant without cause beginning on or about December 6, 2013, and within 90 days of that date, in mass layoffs and/or plant closings, as defined by 29 U.S.C. § 2101(a)(2), (3).

21. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

22. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

28. Defendant controlled the decisions culminating in the termination of the Plaintiff and the other similarly-situated employees on or about December 6, 2013, and within 90 days of that date.

29. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least one hundred of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

30. Plaintiff and similarly-situated employees had worked for more than six-months for Defendant prior to December 6, 0213 and each worked more than 20 hours per week on average.

31. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

32. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101 (a)(5).

33. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

34. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

35. The Plaintiff and each of the Class Members are "aggrieved employees" of Defendant, as that term is defined in 29 U.S.C. § 2104 (a)(7).

36. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

E.    Such other and further relief as this Court may deem just and proper.

Dated: December 10, 2013

    Respectfully submitted,

    /s/ Jack A. Raisner
    Jack A. Raisner
    NY State Bar No. JR6171
    René S. Roupinian
    NY State Bar No. RR3884
    Attorneys for Plaintiff and the Putative Class
    OUTTEN & GOLDEN LLP
    3 Park Avenue, 29th Floor
    New York, New York 10016
    JAR@outtengolden.com
    RSR@outtengolden.com
    Telephone: (212) 245-1000
    Facsimile: (212) 977-4005

    s/Algernon L. Butler, III
    Algernon L. Butler, III
    Attorney for Plaintiff and the Putative Class
    BUTLER & BUTLER, L.L.P.
    P. O. Box 38
    Wilmington, NC 28402
    Telephone: (910) 762-1908
    Facsimile: (910) 762-9441
    NC State Bar No. 20881
    Local Civil Rule 83.1 Counsel

## ACKNOWLEDGEMENT & RELEASE

This Acknowledgement & Release (the "Acknowledgement") is made and entered into as of the __16th__ day of December, 2013 by OUTTEN & GOLDEN, LLP as attorneys for and on behalf of Branden Engle and the Putative Class of plaintiffs (the "Plaintiffs") in the matter of *Engle v. FirstMed EMS, LLC*, Case No. 7:13-CV-00263 pending in the United States District Court for the Eastern District of North Carolina (the "Action").

OUTTEN & GOLDEN, LLP, as attorneys for and on behalf of Branden Engle and the Putative Class of plaintiffs in the Action (the "Plaintiffs") expressly acknowledge the following:

1. On December 10, 2013 at approximately 9:30 a.m., attorney Algernon L. Butler, III ("Mr. Butler") with the law firm of Butler & Butler, LLP in Wilmington, North Carolina was contacted for the first time via telephone by Jack A. Raisner ("Mr. Raisner") with the law firm of Outten & Golden, LLP in New York, New York. As one of the largest employment firms in the nation, Mr. Raisner and Outten & Golden frequently provide nationwide representation to plaintiffs in complex class action Worker Adjustment and Retraining Notification ("WARN") Act cases and frequently retain local counsel to file pleadings in states in which they are not licensed attorneys.

2. In the December 10, 2013 telephone conference, which lasted approximately 5 minutes, Mr. Raisner informed Mr. Butler that Mr. Raisner and Outten & Golden ("Lead Counsel") represented Branden Engle and a putative class of recently terminated employees (the "Plaintiffs") of FirstMed EMS, LLC which was believed to be a company with its principal office located in Wilmington, North Carolina. Mr. Raisner further requested that Mr. Butler serve as local counsel for the purpose of filing a class action complaint against FirstMed EMS, LLC because Mr. Raisner is not licensed as an attorney in North Carolina.

3. On December 10, 2013 at approximately 11:30 a.m., and at the request of Mr. Raisner, Mr. Butler, as Local Civil Rule 83.1 local counsel on behalf of the Plaintiff, filed the complaint in this Action and a Notice of Appearance as Local Civil Rule 83.1 counsel on behalf of the Plaintiffs.

4. Lead Counsel drafted the Complaint and reviewed the facts and merits of the Action prior to contacting Mr. Butler.

5. Mr. Butler's only knowledge of the facts, allegations and merits of the Action were obtained solely by virtue of him being provided by Lead Counsel a copy of the Complaint in this Action.

6. Mr. Butler was not provided any information about the Action other than being furnished a copy of the Complaint, and he was not asked to undertake any review or investigation of the facts and merits of the Action.

1

7.  Mr. Butler has indicated that he does not intend to request any compensation from the Plaintiffs or Lead Counsel for the actions taken as local counsel in the Action, and has only has requested reimbursement of the $400 filing fee paid by his firm to file the Complaint.

8.  On December 11, 2013, Eastern Shore Acquisition Corporation, (Case No. 13-07678); Eastern Shore Ambulance, Inc. (Case No. 13-07679); American Ambulette & Ambulance Service, Inc., d/b/a MedCorp, d/b/a Life Ambulance (Case No. 13-13-07673); Coastline Care, Inc. (Case No. 13-07676); TransMed, LLC d/b/a TransMed of Georgetown, LLC (Case No. 13-07681); and MarMac Transportation Services, Inc. (Case No. 13-07680) (collectively, the "Debtors") filed voluntary petitions under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina, Wilmington Division (the "Bankruptcy Cases").

9.  The Plaintiffs are potential creditors in the Bankruptcy Cases.

10. On December 11, 2013, Mr. Butler was appointed as the Chapter 7 Trustee in the Bankruptcy Cases.

11. Neither Mr. Raisner nor any other attorney for or representative of the Plaintiffs has provided Mr. Butler or any attorney or employee of his firm with any facts regarding the subject matter of the Action other than those set forth in the Complaint, they have provided to Mr. Butler no documents related to the Action other than the Complaint and Summons, and they have not communicated with Mr. Butler regarding the merits of the Action.

12. Mr. Butler is not privy to any confidential information about the Plaintiffs or the Debtors by reason of his brief appearance as local counsel and has no known prior connection or relationship with the Plaintiffs or Lead Counsel other than his appearance as local counsel in the Action.

13. Neither Mr. Butler nor his firm hold any economic or other interest in or aligned with the Plaintiffs or in the outcome of the Action.

14. Mr. Butler and his firm are not known to hold any interest adverse to the Plaintiffs or the Debtors or to have any real or potential conflict of interest in the Bankruptcy Cases.

WHEREFORE, based on the foregoing recitations of fact, the Plaintiffs further agree as follows:

1.  The Plaintiffs, by and through the undersigned counsel, for themselves and for and on behalf of their successors, assigns, heirs, attorneys and representatives, do hereby expressly release and consent to the withdrawal of Mr. Butler and his firm as Local Civil Rule 83.1 counsel for the Plaintiffs.

2.  Facsimile signatures on this Acknowledgement, whether transmitted by telecopier or facsimile or by email, shall be acceptable and deemed binding as if originals.

2

3. Any person executing this Acknowledgement on behalf of the Plaintiffs represents and warrants that s/he has the express authority to execute this Acknowledgement on behalf of the Plaintiffs and bind the Plaintiffs to the terms hereof by such execution.

IN WITNESS WHEREOF, the Plaintiffs, by and through their undersigned attorney, have caused this Acknowledgement to be executed as of the day and year first above written.

**AGREED AND ACCEPTED BY:**

OUTTEN & GOLDEN, LLP, attorneys for and behalf of
Branden Engle and the Putative Class of plaintiffs in the matter of
*Engle v. FirstMed EMS, LLC*/Case No. 7:13-CV-00263

By: _____
     Jack A. Raisher

Dated: _____Dec. 16, 2013_____

3



EXHIBIT C

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRANDEN ENGLE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRSTMED EMS, LLC, <br><br> Defendant. | Civ. Case No.: <br><br> 7:13-cv-00263 |

### ORDER ALLOWING MOTION TO WITHDRAW AS LOCAL COUNSEL FOR PLAINTIFF

THIS MATTER comes before the Court upon the Motion of Algernon L. Butler, III to withdraw as Local Civil Rule 83.1 counsel for the Plaintiff in this case and it appearing that the relief requested therein is proper and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Algernon L. Butler, III is allowed to withdraw as Local Civil Rule 83.1 counsel for the Plaintiff and is relieved of any further obligation of representing or assisting the Plaintiff with regard to this case.

_Terrence Boyle_
Terrence W. Boyle
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age and the TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY and attached AFFIDAVIT was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instruments to such persons, parties and/or counsel at the address shown below:

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | David A. Wender<br>Alston + Bird LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309 |
| Henry L. Kitchin Jr.<br>McGuireWoods LLP<br>300 North Third Street, Suite 320<br>Wilmington, North Carolina  28401 | Oliver Carter III<br>Attorney for Branden Engle<br>408 Market Street<br>Wilmington, NC 28401 |
| Jack A. Raisner<br>OUTTEN & GOLDEN LLP<br>3 Park Avenue, 29th Floor<br>New York, New York 10016 | |

Dated:        December 19, 2013            BUTLER & BUTLER, LLP

s/Algernon L. Butler, III
P.O. Box 38
Wilmington, NC 28402
Telephone: (910) 762-1908
Facsimile: (910) 762-9441
