UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NOS.: |
| AMERICAN AMBULETTE & AMBULANCE SERVICE, INC., D/B/A MEDCORP, D/B/A LIFE AMBULANCE | 13-07673-8-SWH |
| COASTLINE CARE, INC. | 13-07676-8-SWH |
| EASTERN SHORE ACQUISITION CORPORATION | 13-07678-8-SWH |
| EASTERN SHORE AMBULANCE, INC. | 13-07679-8-SWH |
| MARMAC TRANSPORTATION SERVICES, INC. | 13-07680-8-SWH |
| TRANSMED, LLC, D/B/A TRANSMED OF GEORGETOWN, LLC | 13-07681-8-SWH |
| **DEBTORS** | **CHAPTER 7** |

### MOTION FOR APPOINTMENT AND COMPENSATION OF COLDIRON AS TRANSPORTATION PROVIDER & SECURITY FACILITATOR

NOW COMES Algernon L. Butler, III ("Trustee"), as Chapter 7 Trustee in the above-referenced bankruptcy cases, by and through counsel, and moves the Court to approve the Trustee's employment of Coldiron Specialized Driveaway & Coldiron Asset Recovery, Inc., ("Coldiron") as transportation provider and security facilitator for the estates in these cases and to approve the terms of compensation to be allowed to Coldiron, and in support hereof shows the Court as follows:

    1.    On December 11, 2013 the above-referenced Debtors filed petitions for relief under Chapter 7 of the Bankruptcy Code, and Algernon L. Butler, III ("Trustee") was appointed as Chapter 7 Trustee to fulfill the duties set forth in 11 U.S.C. § 704.

    2.    This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

    3.    Property of these estates includes approximately 575 ambulances, wheelchair vans, and other vehicles, together with additional items of personal property including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, furniture, and office equipment (the

"Property"). The Property is located between approximately 40+/- physical locations in Alabama, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, Virginia and West Virginia. Most of the premises where the Property is located were leased by the Debtors.

4. In order to provide for the security of the Property, minimize administrative expenses, and maximize the value that can be obtained by liquidating the Property, it is necessary for the Trustee to employ agents to secure and transport the Property to auction yards and assist the Trustee in vacating the leased premises, and employ auctioneers to assist with the marketing and sale of the Property.

5. The Trustee desires to sell some or all of the Property at public auction or private sale, and for that purpose plan to employ Ritchie Brothers Auctioneers (America) Inc. and Country Boys Auction & Realty as auctioneers/brokers to assist the Trustee with the sale of some or all of the Property.

6. Coldiron is a motor contract carrier engaged in the recovery and transportation of vehicles for hire within the United States operating in compliance with all federal and state laws and regulations relating to such recovery and transportation services.

7. It is necessary for the Trustee to employ Coldiron to provide the following services: Coldiron shall secure, recover, sort, inventory, photo, and transport approximately six hundred and forty two (642) +/- ambulance units (operational and non-operational) and equipment including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, non-narcotic medications and furniture, located within approximately thirty-nine (39) designated locations in the USA. All Equipment will be transported to the designated auction yards of Ritchie Brothers. Coldiron shall inventory, transport and consolidate for safekeeping all medical records at the locations. All medical records and medications will be secure throughout transport from their origin to their destination in Newton, CT, or to some other destination selected by the Trustee before the commencement of records removal (e.g., Iron Mountain), or for long term climate controlled warehouse storage or for disposal. Coldiron shall leave all locations broom-clean after final removal of assets with the exception of hazmat or other chemicals that cannot be contained through normal cleaning processes. At the time that any hazmat substance or issue is found by Coldiron during the clean up process of locations, Coldiron will contact the Trustee and provide detail, solutions and costs for consideration. Coldiron shall provide to the Trustee and to Ritchie Brothers as soon as possible a complete and itemized inventory of the Equipment, including all vehicles by year, make, model and VIN. Coldiron Companies agents/site coordinators will record and monitor transport/batching activity during transporting hours. All assets shall be insured by Coldiron Companies with the Trustee listed as additional insured/loss payee from the time of the transport of any units and/or equipment from their origin through the date Coldiron Companies relinquishes possession of the assets at the Trustee's requested destination site. Coldiron will coordinate access to the premises with the landlords/owner of the premises. In the case that access is denied by a landlord, recovery efforts and costs will be quoted and provided to Trustee for acceptance. Coldiron Companies will permit Trustee's agents to assist it in coordinating and removal and preservation of assets requiring special attention such as IT/computer equipment and non-narcotic drugs. Coldiron shall provide the necessary drivers and/or specialized equipment for transportation of used motor vehicles from and to points designated by the Trustee.

8. To the best of the Trustee's knowledge, Coldiron is a disinterested party and has no connection with the creditors or any other party in interest or their respective attorneys or auctioneers. An affidavit in support of the disinterestedness of Coldiron will be filed with the Court.

2

9. In return for the services enumerated herein, Coldiron will be entitled to compensation and reimbursement as follows and as more specifically set forth in the attached contract:

    a. Administration, Travel, Inventory, Supply Loading & Recording services, 642 appx. +/- vehicles and equipment including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, non-narcotic medications, furniture and medical records – $750.00/per day per location. (est. $90,000.00 and a cap of $100,000.00). This cost shall include Coldiron's time and expenses necessary to leave the premises broom clean, and Coldiron shall submit an itemized request for payment of these costs. Coldiron shall collect and promptly forward to the Trustee any money, cash, or mail addressed to any of the debtors, located at the premises.

    b. Transport for Operational units to Ritchie Brothers designated locations – $1.50 per mile plus fuel surcharge of $0.48 +/- per mile (total estimated cost of transporting operational units = $184,026.60).

    c. Units to be Towed – Any unit requiring a tow due to being non-operational or driveable, will be towed at a rate of approximately $3.00 to $4.50 per mile per unit. (Market rates for area.)

    d. On Site Vehicle Start & Roll services for "as needed only/make ready" for transport – Approx. estimate $48,750.00. For units that are found to not start or drive at the time that on site inventory is being provided, Coldiron will provide labor and materials to attempt to start and make the vehicles driveable for transport to the RB locations. As for any materials needed for the start and roll services, such as a battery, cable, fuel additive, tire, etc., Coldiron will replace the item and bill the cost to Trustee as a pass through cost with no upcharge on the item. Coldiron is permitted to provide materials of a value of $500 or less without specific authorization by the Trustee, while costs over $500 shall be communicated to the Trustee for specific authorization. Labor will be billed at a flat rate of $76.00 per vehicle that will not start and needs start and roll service, plus any amount paid by Coldiron to any third-party provider for labor that Coldiron cannot provide with no upcharge to the Trustee on such labor.

    e. Container Rental & Container Transport to warehouse storage – (Assessment of site supplies will allow for full quote. 1 site/container example from Toledo, OH origin - $1,958.00. Trucks will be used if more economical than container rental).

    f. Climate Controlled Warehouse Storage for medical records, if not transported to a facility such as Iron Mountain – (palletized, shrink wrapped and long term storage with no access to records incrementally) - $40.00 per pallet per month.

    g. It is understood that the exact total transportation cost may vary due to quantity and mileage changes.

    h. All shipment of vehicles or equipment tendered to Carrier by Trustee on or after the contract effective date will adhere to the rates and accessorial charges outlined in Attachment A. The rates and accessorial charges set forth in Attachment A shall remain in effect for a period of one (1) year or as long as this Contract is in effect, unless agreed upon between Carrier and Trustee. Trustee reserves the right to negotiate with Carrier

concerning specific rates not outlined in Attachment A after the one year period. Total Transport for Operational units to Ritchie Brothers designated locations shall not exceed $184,026.60 plus or minus any small variation in the fuel surcharge.

    i. The Trustee will use Ritchie Brothers to auction the Equipment and, if requested in writing by the Trustee, Ritchie Brothers has agreed with Trustee to pay Carrier timely for all amounts due under the Coldiron Asset Management Project Quote & Scope after written approval of such amounts by the Trustee, in which event carrier agrees to accept payment of such compensation from Ritchie Brothers. In either event, Trustee shall remain liable for the compensation owing to Coldiron.

10. A copy of the Trustee's contract with Coldiron entitled "Recovery & Transportation Contract is attached hereto as **Exhibit A**, and the Trustee requests that the Court enter an order approving the terms of that contract.

11. Coldiron has agreed to accept employment as Auctioneer/Broker on an independent contractor basis to the Trustee, has acknowledged its direct fiduciary responsibilities to the United States Bankruptcy Court, and has consented to the jurisdiction of the United States Bankruptcy Court.

12. In this motion the Trustee seeks authority only to employ Coldiron on the terms set forth herein and approval of Trustee's contract with Coldiron including the terms of compensation and reimbursement to be allowed to Coldiron. The Trustee does not seek in this motion authority to actually sell any items of Property or to surcharge any lienholders as to the Property with any costs under 11 U.S.C. § 506(c).

WHEREFORE, the Trustee requests that the Court enter an order authorizing the employment of Coldiron as transportation provider and security facilitator as set forth herein, and that the Court provide such other relief as it may deem just and proper.

DATED: December 31, 2013

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile  (910) 762-9441

4



# RECOVERY & TRANSPORTATION CONTRACT

  THIS RECOVERY and TRANSPORTATION CONTRACT, is made this 30th day December, 2013 by and between Algernon L. Butler, III as Chapter Trustee ("Trustee") for one or more of the following cases: Eastern Shore Acquisition Corporation – Case No. 13-07678-8-SWH, Eastern Shore Ambulance, Inc. – Case No. 13-07679-8-SWH, American Ambulette & Ambulance Service, Inc., d/b/a Medcorp, d/b/a Life Ambulance – Case No. 13-07673-8-SWH, Coastline Care, Inc. – Case No. 13-07676-8-SWH, TransMed, LLC, d/b/a TransMed Of Georgetown, LLC – Case No. 13-07681-8-SWH, Marmac Transportation Services, Inc. – Case No. 13-07680-8-SWH (collectively the "Debtors"), and Coldiron Specialized Driveaway & Coldiron Asset Recovery, Inc., (hereinafter both are referred to as "Carrier"), the address of which is 200 N Sooner Road, Edmond, OK 73034.

## RECITALS:

  1.  Carrier is a motor contract Carrier engaged in the recovery and transportation of vehicles for hire within the United States operating in compliance with all federal and state laws and regulations relating to such recovery and transportation services, and desires to transport used motor vehicles and equipment under the supervision of Trustee from any points deemed necessary by Trustee to designated locations to the extent, on the basis, and in the manner hereinafter set forth, the efficient, safe and prompt delivery of said property being an essential factor in the operation of Trustee's business.

  2.  Trustee desires to avail itself of the contract recovery and transport services of Carrier in accordance with the provisions of this Contract and to assure itself that Carrier shall have sufficient drivers and equipment available to transport the quantity of used motor vehicles to be tendered to Carrier for delivery.

  NOW, THEREFORE, in consideration of the promises, mutual agreements and covenants hereinafter contained, the parties agree as follows:

1.  <u>Term and Rates</u>

  A.  This Agreement shall commence and becomes effective on the date stated above and shall remain in effect until cancelled in writing by Trustee or Carrier with a ten (10) day acknowledgment lead time.

  B.  As full compensation for the recovery and transportation services performed by Carrier, Trustee shall pay Carrier in accordance with the rates and accessorial charges as follows and as set forth in the Schedule of Rates attached hereto and incorporated herein as Attachment A:

1

-Administration, Travel, Inventory, Supply Loading & Recording services, 642 appx. +/- vehicles and equipment including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, non-narcotic medications, furniture and medical records – $750.00/per day per location. (est. $90,000.00 and a cap of $100,000.00). This cost shall include Coldiron's time and expenses necessary to leave the premises broom clean, and Coldiron shall submit an itemized request for payment of these costs. Coldiron shall collect and promptly forward to the Trustee any money, cash, or mail addressed to any of the debtors, located at the premises.

- Container Rental & Container Transport to warehouse storage – (Assessment of site supplies will allow for full quote. 1 site/container example from Toledo, OH origin - $1,958.00. Trucks will be used if more economical than container rental).

-Climate Controlled Warehouse Storage for medical records, if not transported to a facility such as Iron Mountain – (palletized, shrink wrapped and long term storage with no access to records incrementally) - $40.00 per pallet per month.

C. Trustee will not pay charges not specifically listed herein or in accordance with the rates set forth on Attachment A. It is understood that the exact total transportation cost may vary due to quantity and mileage changes.

D. All shipment of vehicles or equipment tendered to Carrier by Trustee on or after the contract effective date will adhere to the rates and accessorial charges outlined in Attachment A. The rates and accessorial charges set forth in Attachment A shall remain in effect for a period of one (1) year or as long as this Contract is in effect, unless agreed upon between Carrier and Trustee. Trustee reserves the right to negotiate with Carrier concerning specific rates not outlined in Attachment A after the one year period. Total Transport for Operational units to Ritchie Brothers designated locations shall not exceed $184,026.60 plus or minus any small variation in the fuel surcharge.

E. The Trustee will use Ritchie Brothers to auction the Equipment and, if requested in writing by the Trustee, Ritchie Brothers has agreed with Trustee to pay Carrier timely for all amounts due under the Coldiron Asset Management Project Quote & Scope after written approval of such amounts by the Trustee, in which event carrier agrees to accept payment of such compensation from Ritchie Brothers. In either event, Trustee shall remain liable for the compensation owing to Coldiron.

F. On Site Vehicle Start & Roll services for "as needed only/make ready" for transport – Approx. estimate $48,750.00. For units that are found to not start or drive at the time that on site inventory is being provided, Coldiron will provide labor and materials to attempt to start and make the vehicles driveable for

2

transport to the RB locations. As for any materials needed for the start and roll services, such as a battery, cable, fuel additive, tire, etc., Coldiron will replace the item and bill the cost to Trustee as a pass through cost with no upcharge on the item. Coldiron is permitted to provide materials of a value of $500 or less without specific authorization by the Trustee, while costs over $500 shall be communicated to the Trustee for specific authorization. Labor will be billed at a flat rate of $76.00 per vehicle that will not start and needs start and roll service, plus any amount paid by Coldiron to any third-party provider for labor that Coldiron cannot provide with no upcharge to the Trustee on such labor.

2. <u>Service</u>

Carrier shall provide the necessary drivers and/or specialized equipment for transportation of used motor vehicles from and to points designated by Trustee.

Carrier shall provide driver and/or contractors for transportation of used equipment from and to stop points designated by the Trustee.

Carrier shall secure, recover, sort, inventory, photo, and transport approximately six hundred and forty two (642) +/- ambulance units (operational and non-operational) and equipment including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, non-narcotic medications and furniture, located within approximately thirty-nine (39) designated locations in the USA (the "Equipment"). Each location has various units and supplies to be secured and inventoried. The Trustee has provided to carrier the Excel spreadsheet named "Master Fleet List KEN 11192013.xlsx" which shows the known locations of the assets (the "Spreadsheet").

All Equipment will be transported to the designated auction yards of Ritchie Brothers.

Carrier shall inventory, transport and consolidate for safekeeping all medical records at the locations. All medical records and medications will be secure throughout transport from their origin to their destination in Newton, CT, or to some other destination selected by the Trustee before the commencement of records removal (e.g., Iron Mountain), or for long term climate controlled warehouse storage or for disposal.

Carrier shall leave all locations broom-clean after final removal of assets with the exception of hazmat or other chemicals that cannot be contained through normal cleaning processes. At the time that any hazmat substance or issue is found by Coldiron during the clean up process of locations, Coldiron will contact the Trustee and provide detail, solutions and costs for consideration.

Carrier shall provide to the Trustee and to Ritchie Brothers as soon as possible a complete and itemized inventory of the Equipment, including all vehicles by year, make, model and VIN.

3

Coldiron Companies agents/site coordinators will record and monitor transport/batching activity during transporting hours.

All assets shall be insured by Coldiron Companies with the Trustee listed as additional insured/loss payee from the time of the transport of any units and/or equipment from their origin through the date Coldiron Companies relinquishes possession of the assets at the Trustee's requested destination site.

The Trustee may elect to exclude any locations, units, or equipment from the scope of this project upon written instructions to Coldiron once a week, provided on Friday mornings before noon only prior to Coldiron Companies agents have arrived at a location site. Once agents have arrived onsite the site will be secured and processed and units transported to destination as requested.

Coldiron will coordinate access to the premises with the landlords/owner of the premises. In the case that access is denied by a landlord, recovery efforts and costs will be quoted and provided to Trustee for acceptance.

Coldiron Companies will permit Trustee's agents to assist it in coordinating and removal and preservation of assets requiring special attention such as IT/computer equipment and non-narcotic drugs.

Coldiron Companies will have all assets removed from locations as soon as possible and shall use its best efforts to have them removed within 45 – 60 days.

The Trustee's obligations under this Agreement and the compensation payable to Coldiron shall be subject to the approval of the Bankruptcy Court, and the Trustee shall promptly file a motion for such approval. Trustee will provide legal access at each designated location and paperwork authorizing the recovery efforts.

The Trustee shall be a party to the agreement with Coldiron only in his capacity as court appointed Chapter 7 Trustee, and not in his individual capacity, and shall have no individual liability under this agreement.

3.  Tendering Shipment and Delivery

Trustee agrees to tender its vehicles and equipment for transportation by Carrier between points of origin and destination as designated by Trustee.

Trustee shall provide Carrier via email, written instructions for each vehicle to be transported and shall identify each vehicle by serial number, lot number and shall include address, telephone, and contact at both origin and destination. If revisions of delivery instructions or other pertinent information (i.e. serial number) are necessary, Trustee shall notify Carrier immediately by telephone, followed by written confirmation via email.

4

If any vehicle or equipment piece is refused by Contact at destination, or is undeliverable for any reason, Carrier shall take no further action and contact Trustee immediately by telephone to obtain further instructions.

4. <u>Vehicle Liability</u>

Carrier shall have the sole and exclusive care, custody and control of all vehicles or equipment from the time of tender by Trustee to Carrier for transportation until delivery to the destination, or, in the event of inability to deliver the vehicles to destination, until redelivery to Trustee. Carrier shall use its best efforts to prevent any damage to the vehicles accepted by it. Carrier shall be responsible for damages that occur while vehicle is in their possession, unless such damage is caused by an act of God, the public enemy, act or omission of the Trustee, public authority, the inherent vice or nature of the goods, or a negligent act solely attributable to the Trustee.

5. <u>Compensation</u>

A    Payment shall be made by Trustee within thirty (30) days from receipt of invoice. Coldiron shall forward each invoice to both Trustee and Ritchie Brothers and Trustee shall promptly advise in writing both Coldiron and Ritchie Brothers if Trustee elects to have Ritchie Brothers pay the invoice on Trustee's behalf. In either event, Trustee shall remain liable for the compensation owing to Coldiron.

Trustee agrees and acknowledges that Carrier has the right and may charge for any additional costs for transporting non-operational units, involuntary recovery effort if authorization provided by Trustee, warehouse storage costs for supplies unknown at this time or additional administration costs if the supplies noted were to increase beyond items described within the project scope.

B    Trustee reserves the right to request reasonable documentation of expenses incurred as a result of Services performed under this Agreement prior to payment.

C    Trustee agrees and acknowledges that Carrier may assert a lien, as may be permitted by state law, on described vehicles or supplies for an unpaid invoice.

6. <u>Insurance</u>

Carrier will procure and keep in force continuously through the term of this Contract the following types of insurance or shall self-insure against any such loss:

A.    <u>Workers' Compensation/Occupational Accident Insurance</u> – Prior to commencing operations under this Service Agreement, CARRIER shall provide a certificate of insurance showing that CARRIER has procured workers' compensation insurance

5

coverage from an insurer with an A.M. Best Company rating of at least B+, for all of its employees and any other persons required to be covered under the worker's compensation law of any state that is reasonably likely to have jurisdiction over CARRIERS's business operations and in amounts not less than the statutory limits required by such applicable state law. If CARRIER uses independent contractor drivers, the CARRIER shall, as an alternative to obtaining workers' compensation coverage in states where such coverage is not required, secure or facilitate the placement of an occupational accident insurance policy that includes either an endorsement or a separate policy provision whereby the insurer provides, or agrees to provide, workers' compensation coverage that becomes effective for a claim by any independent contractor alleging status as an employee of CARRIER. Such occupational accident insurance coverage shall be no less comprehensive than the statutory limits required for employees under applicable worker's compensation laws and must provide, at a minimum, coverage for substantially all claims which are considered compensable under applicable state workers' compensation laws even though the claimant under the coverage may be an independent contractor and may not typically be entitled to workers' compensation benefits.

B. General Liability – Comprehensive General Liability Insurance, including blanket contractual coverage, for bodily injury and tangible property damage in the amount of one million dollars ($1,000,000.00) combined single limit per occurrence.

C. Vehicle Liability – Automobile Bodily Injury and Property Damage Insurance protecting against claims for bodily injury, including accidental death, as well as loss or damage to tangible property in the amount of ten million dollars ($10,000,000.00) combined single limit per occurrence.

Liability insurance may be arranged under a single policy for the full limits required or by a combination of underlying policies with the balance provided by an Umbrella Liability policy; the Umbrella Liability policy shall provide coverage as broad as the underlying primary policies.

D. Cargo – Cargo Insurance covering all liability inherent in the movement of the motor vehicles described herein.

7. Licenses and Permits

Carrier, at its sole cost and expense, shall procure and maintain all licenses and permits required by local, state or federal authorities with respect to the transportation services performed under this Contract and shall comply with all laws and regulations controlling the performance of such services.

6

8.  Independent Contractor Status

The relationship between the parties hereto shall, at all times, be that of independent contractors and not that of principal and agent, joint ventures or partners. Carrier shall have sole and complete control over the manner in which Carrier performs the transportation services to be provided hereunder.

9.  Indemnification

Carrier does hereby indemnify and hold harmless Trustee from and against any and all claims, including claims from third parties, for loss, damage, injury, delay, or late delivery, caused by or arising out of any acts or omissions of Carrier or its employees pursuant to this Contract, including without limitation any and all damages of any nature, costs and attorney fees.

10. Force Majeure

In the event either party is unable to meet its obligations under this Contract as a result of an act of God, war, insurrection, the public enemy, the authority of law, a shut-down, strike, lock-out, failure to receive necessary material, equipment, or supplies, or for any other cause whether of like or different nature when beyond the control of that party, the obligations of both parties will be suspended to the extent of that inability for the duration of the same. The party declaring Force Majeure will notify the other party promptly in writing when the Force Majeure condition begins to exist and when it is terminated. In no event shall any suspension of obligations under this provision extend the term of this Contract.

In the event either party is incapable of performing its obligations under this Contract for any other reason not stated above, and has been notified by the other party in writing of nonconformance with this Contract, and such nonconformance continues for more than thirty (30) days after receipt of notification, the other party may terminate this Contract effective upon written notice to the nonconforming party.

11. Confidential Information

Trustee and Carrier shall treat all information relating to businesses of the Trustee or Carrier, including, without limitation, such matters as prices, features, policies, inventories, channels of distribution, rates and other matters relating to the subject matter of this Contract as confidential and privileged information. Except as required by law, neither Trustee nor Carrier shall disclose such information to any person other than authorized personnel of the Trustee or Carrier. Without limiting the foregoing, it shall be improper for Carrier to reveal any of the terms of this Contract other than to the extent required by law. This duty shall survive termination or expiration of this Contract.

12. <u>Entire Agreement</u>

This Agreement, the Schedules and the documents incorporated herein, is the final, full and exclusive expression of the agreement of the Trustee and Carrier and supersedes all prior agreements, understandings, writings, proposals, representations and communications, oral or written, of either party with respect to the subject matter hereof and the transactions contemplated hereby. Other than those remedies specifically disclaimed in this Recovery and Transportation Contract, all remedies set forth in this contract shall be in addition to all other remedies available under this contract or at law or in equity.

Agreed upon and signed on the date written above:

_____

Algernon L. Butler, III,

as Chapter 7 Trustee for the Debtors

_____                                  _____

Phil Coldiron, CEO

Coldiron Specialized Driveaway, Inc.

& Coldiron Asset Recovery, Inc.

## Project Management & Contact Information

**Project Manager**
Kit Eccles
Operations Manager
Edmond, OK
888-846-0664 ext 313
Cell 405-722-2055

**Project Coordinator**
Mark Cooper
Appraisal Coordinator
Edmond, OK
888-846-0664 ext 306
Cell 405-517-7480

**Project Coordinator**
Kelly Coldiron
V.P. Sales & Mktg.
Edmond, OK
888-846-0664
Cell 405-830-8401

ATTACHMENT A

## Asset Management Project Rates

1. Administration, Travel, Inventory, Supply Loading & Recording services, 642 appx. +/- vehicles and equipment including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, non-narcotic medications, furniture and medical records – $750.00/per day per location. (.estimate of $90,000.00 and a cap of $100,000.00).
2. Units to be Towed – Any unit requiring a tow due to being non-operational or driveable, will be towed at a rate of approximately $3.00 to $4.50 per mile per unit. (market rates for area.)
3. Total Transport for Operational units to Ritchie Brothers designated locations – $1.50 per mile plus fuel surcharge of $0.48 +/- per mile (total estimated cost of transporting operational units = $184,026.60).
4. On Site Vehicle Start & Roll services for "as needed only/make ready" for transport. Approx. estimate $48,750.00. For units that are found to not start or drive at the time that on site inventory is being provided, Coldiron will provide labor and materials to attempt to start and make the vehicles driveable for transport to the Ritchie Brothers designated locations. As for any materials needed for the start and roll services, such as a battery, cable, fuel additive, tire, etc., Coldiron will replace the item and bill the cost to Trustee as a pass through cost with no upcharge on the item. Coldiron is permitted to provide materials of a value of $500 or less without specific authorization by the Trustee, while costs over $500 shall be communicated to the Trustee for specific authorization. Labor will be billed at a flat rate of $76.00 per vehicle that will not start and needs start and roll service, plus any amount paid by Coldiron to any third-party provider for labor that Coldiron cannot provide with no upcharge to the Trustee on such labor. Vehicle keys available will be provided to Coldiron prior to inventory commencing on each yard.
5. Container Rental & Container Transport to warehouse storage – (assessment of site supplies will allow for full quote.) 1 (one) site/container example from Toledo, OH origin to warehouse storage destination - $1,958.00. Trucks will be used if more economical than container rental.
6. Climate Controlled Warehouse Storage for medical records, if not transported to a facility such as Iron Mountain – (palletized, shrink wrapped and long term storage with no access to records incrementally) - $40.00 per pallet per month.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age, and that the

**MOTION FOR APPOINTMENT AND COMPENSATION OF COLDIRON AS TRANSPORTATION PROVIDER & SECURITY FACILITATOR**

in the above captioned case was this day served upon the below named persons as follows:

<u>By electronic service through CM/ECF and via first class mail:</u>

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

Ryan P. Ethridge
Alston & Bird LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27703

Henry L. Kitchin Jr.
McGuireWoods LLP
300 North Third Street, Suite 320
Wilmington, North Carolina 28401

Oliver Carter III
Attorney for Branden Engle
408 Market Street
Wilmington, NC 28401

David A. Greer, Esquire
The Law Offices of David A. Greer PLC
500 East Main Street, Suite 1225
Norfolk, VA 23510

<u>By email at the address shown below:</u>

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
*Via email to: marjorie_lynch@nceba.uscourts.gov*

Ryan P. Ethridge
Alston & Bird LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27703
*Via email to: ryan.ethridge@alston.com*

Henry L. Kitchin Jr.
McGuireWoods LLP
300 North Third Street, Suite 320
Wilmington, North Carolina 28401
*Via email to: hkitchin@mcquirewoods.com*

Oliver Carter III
Attorney for Branden Engle
408 Market Street
Wilmington, NC 28401
*Via email to: oliver@cartercarterlaw.com*

David A. Greer, Esquire
The Law Offices of David A. Greer PLC
500 East Main Street, Suite 1225
Norfolk, VA 23510
*Via email to: dgreer@davidgreerlaw.com*

5

DATED:     December 31, 2013

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
P.O. Box 38
Wilmington, NC 28402

6