UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NOS.: |
| AMERICAN AMBULETTE & AMBULANCE SERVICE, INC., D/B/A MEDCORP, D/B/A LIFE AMBULANCE | 13-07673-8-SWH |
| COASTLINE CARE, INC. | 13-07676-8-SWH |
| EASTERN SHORE ACQUISITION CORPORATION | 13-07678-8-SWH |
| EASTERN SHORE AMBULANCE, INC. | 13-07679-8-SWH |
| MARMAC TRANSPORTATION SERVICES, INC. | 13-07680-8-SWH |
| TRANSMED, LLC, D/B/A TRANSMED OF GEORGETOWN, LLC | 13-07681-8-SWH |
| DEBTORS | CHAPTER 7 |

**MOTION FOR APPROVAL OF PRIVATE SALE OF BERTIE COUNTY ASSETS**

NOW COMES Algernon L. Butler, III, as Chapter 7 Trustee in the above captioned case, through counsel, and he respectfully shows the Court and seeks relief as follows:

1. On December 11, 2013, Coastline Care, Inc. and its affiliates (the "Debtor") filed petitions under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"). The undersigned Algernon L. Butler, III, is the duly appointed Chapter 7 Trustee in the above captioned matter (the "Bankruptcy Case") and the affiliated matters.

2. This Motion is filed under 11 U.S.C. §363 and Bankruptcy Rules 6004 and 6007, to allow the sale of certain personal property, as described below, free and clear of all liens and encumbrances with transfer of valid liens and claims to the net sale proceeds. It is a core proceeding pursuant to 28 U.S.C. §157 and the Bankruptcy Court has jurisdiction over this matter and the subject assets pursuant to 28 U.S.C. §§157 and 1334.

3. Among the Debtor's assets in the Bankruptcy Case are its interests in following items:

   (a) 2005 Ford E-450, NC VIN No. 1FDSS34P38DB61180, (b) 2007 Chevy DLS Van, NC VIN No. 1GBHC396X71240088, and (c) 2008 Ford E-350, NC VIN No. 1FDSS34P38DB61180, (collectively the "Ambulances"); and also all medical equipment associated with each of the Ambulances as well as the medical equipment associated with two (2) leased motor vehicles that

are not subjects of the Motion but remained located in Bertie County, NC, at the Bankruptcy Case filing, including four (4) Stryker MXPRO Stretchers, one (1) Ferno 35-P Stretcher, five (5) Medtronic Life Pak 12 Defibrillators, back boards, traction splints, and stair chairs, and other various medical supplies stocked in each of the five (5) motor vehicles (hereinafter referred to collectively as "Medical Supplies") (hereinafter the Medical Supplies and Ambulances are referred to at times collectively as "Medical Equipment"). The Vehicles are titled to Coastline Care, Inc.

4. At the time of the Bankruptcy Case filing, the Ambulances and Medical Supplies were (and still are) located in Bertie County, North Carolina, ("Bertie County"). Pre-petition the assets were used by the Debtor under its contract with Bertie County (as a body politic) to provide emergency medical services to persons located in that geographic area. Upon the filing of the Bankruptcy Case, in order to continue emergency medical services on an uninterrupted and emergency basis, and subject to court approval, Bertie County and the Trustee negotiated in good faith a contract (the "Contract") for the purchase of the bankruptcy estate's interest in the Medical Equipment by Bertie County as Buyer from the Trustee. A copy of the Contract is attached hereto as **Exhibit A** and incorporated by reference.

5. As detailed in the Contract, Bertie County has submitted an offer and the Trustee has agreed to accept (subject to court approval) the sum of $30,000 (the "Purchase Price") for the transfer and sale of the bankruptcy estate's interest in the Medical Equipment from the Debtor and its bankruptcy estate to Bertie County or its assign. The Purchase Price has previously been posted by Bertie County with the Trustee, the funds to be held in escrow pending approval of this transaction by the Bankruptcy Court. Upon closing, the Purchase Price shall be allocated as follows: $15,500 for the Ambulances, and $14,500 for the Medical Supplies.

6. The sale and transfer of the Medical Equipment hereunder shall be made and accomplished free and clear of any and all liens, encumbrances, secured claims and competing ownership interests therein pursuant to 11 U.S.C. § 363, with the transfer of the same to the net sale proceeds in relative order of priority. The parties are informed and believe that Bank of Montreal may assert that it has or maintains a lien upon the Ambulances and Medical Equipment, as to which the Trustee reserves all objections. Upon approval of this Motion, all controversies concerning the same shall be transferred to the net sale proceeds in relative order of priority.

7. Upon approval of the sale, the bankruptcy estate's interest in the Ambulances and Medical Supplies shall be sold on an "AS IS" basis, the transfer and sale shall be made and closed without any warranties of any other sort, whether of condition, fitness for a particular purpose, or otherwise. The Trustee shall execute such bills of sale and vehicle certificate of title transfer documents as may be prepared or presented to him by County, subject to Trustee's reasonable approval as to the terms thereof, and reasonably required to effectuate the transfer of the Medical Equipment to Bertie County under the terms of the Contract.

8. The Trustee performed necessary due diligence as to the Ambulances and Medical Supplies, and asserts that he is of the good faith opinion that the described sale is fair and reasonable. Further, allowing the accomplishment of the matter as a private sale and will save the bankruptcy estate the costs of recovery and sale of the subject assets, including towing costs for the Ambulances, auctioneer commissions and advertising expenses. The Trustee represents that the sale of the Vehicle as set forth in the Motion is the best method for disposal of the same and in the best interest of the bankruptcy estate and its creditors.

WHEREFORE, the Trustee in Bankruptcy moves for entry of an Order that:

1. Approves the terms of the attached contract and directs pursuant to 11 U.S.C. § 363 the sale of the Trustee's interest in the Ambulances and Medical Supplies to Bertie County for the purchase price of $30,000.00, free and clear of all liens, claims, encumbrances and competing ownership interest, with transfer of valid such matters to the net sale proceeds;

2. Authorizes the Trustee to execute all necessary documents, titles and bills of sale to accomplish the transfer and assignment of all rights, title and interest the Debtor and affiliated cases may have in the Ambulances and Medical Equipment to Bertie County on an "AS IS" basis without warranties;

3. Orders the North Carolina Division of Motor Vehicles, and the West Virginia Division of Motor Vehicles to issue title of the Ambulances to Bertie County or its assign free and clear of all liens named on any corresponding Certificates of Title, including those asserted or assertable by Bank of Montreal.

4. Provides that Bertie County shall bear all costs, if any, of this transfer, including transfer fees and the like; and

5. For such other and further relief as may be required.

DATED:   January 9, 2014

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441


EXHIBIT A

STATE OF NORTH CAROLINA                              PURCHASE CONTRACT

BERTIE COUNTY

       THIS AGREEMENT AND CONTRACT, made and entered into the 2nd day of January, 2014 ~~2013~~, by and between ALGERNON L. BUTLER, III, as the Chapter 7 bankruptcy trustee (hereinafter referred to as "Trustee") for the bankruptcy estate of Coastline Care, Inc. (hereinafter referred to as the "Debtor"), Case No. 13-BK-07676-8-SWH (hereinafter referred to as the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Eastern District of North Carolina, Wilmington Division, (hereinafter referred to as the "Bankruptcy Court") and the COUNTY OF BERTIE, a body politic and corporate organized and existing under the laws of the State of North Carolina, and its Assigns (hereinafter referred to collectively as "County");

WITNESSETH:

       WHEREAS, on December 11, 2013, the Debtor filed in the Bankruptcy Case a petition seeking relief under Chapter 7 of the United States Bankruptcy Code, and the Trustee was named to his office and granted authority over the property of the Bankruptcy Estate;

       WHEREAS, under an emergency medical services contract entered into before Debtor's bankruptcy petition, Debtor provided County full time emergency medical services and used five (5) motor vehicles, associated medical emergency equipment, and various medical supplies to facilitate said emergency medical services to communities in and about the County;

       WHEREAS, prior to the filing of the Bankruptcy Case, the Debtor ceased performing under its aforesaid contract with the County, resulting in the County on December 9, 2013 to issuing a Proclamation of a County State of Emergency (the "December 9 Proclamation") under applicable North Carolina statutes, purporting to enable the County to take over and perform the necessary emergency medical services contemplated therein;

       WHEREAS, upon the Bankruptcy Case being filed, the Trustee and the County undertook negotiations to allow the County to continue using certain equipment of the Debtor necessary to perform the emergency medical services and purchase the same subject to the approval of the Bankruptcy Court;

       WHEREAS, the Trustee and the County have now agreed upon contractual terms that would enable the County to acquire from Trustee the bankruptcy estate's interest in the following: three (3) of emergency ambulance motor vehicles of the Debtor located in Bertie County NC used by the Debtor pre-petition and by the County since the December 9 Proclamation, being (a) a 2005 Ford E-450, NC VIN No. 1FDSS34P38DB61180, (b) a 2007 Chevy DLS Van, NC or WV VIN No. 1GBHC396X71240088, and (c) a 2005 Ford E-350, NC VIN No. 1FDSS34P38DB61180, (collectively the "Ambulances") and also all the medical equipment associated with each of the three (3) motor vehicles as well as the medical equipment associated with the two (2) leased motor vehicles of the Debtor located in Bertie County, NC, not subject to this Contract, including four (4) Stryker MXPRO Stretchers, one (1) Ferno 35-P Stretcher, five

(5) Medtronic Life Pak 12 Defibrillators, back boards, traction splints, and stair chairs, and various medical supplies stocked in each of the five (5) motor vehicles (the "Medical Supplies) (hereinafter the Medical Supplies and Ambulances are referred to collectively as "Medical Equipment");

WHEREAS, the County has remitted to Trustee the agreed sum of THIRTY THOUSAND and NO/100 DOLLARS ($30,000.00) (hereinafter the "Purchase Price") for Trustee to hold during the pendency of obtaining Bankruptcy Court approval of the Contract and the transaction contemplated herein, subject to the further terms and conditions stated herein and in the necessary motions and orders to be filed in the Bankruptcy Case;

WHEREAS, the County has control over and use of the Medical Equipment in the interim period pursuant to the authorization of Trustee;

WHEREAS, County is authorized and has the power under applicable law to enter into this Contract, and to carry out its obligations thereunder and the transactions contemplated thereby; and

WHEREAS, the authorization and execution of this Contract and all other proceedings of County relating to the transaction contemplated thereby have been or will be performed in accordance with all applicable open meetings, public records, public bidding, and all other laws, rules and regulations of the State of North Carolina, if and when applicable.

NOW THEREFORE, in consideration for the mutual promises and covenants contained herein, the Purchase Price, and other good and valuable consideration, the receipt of which is hereby acknowledged, Trustee and County agree as follows:

1. The validity, force and effect of this Contract shall be subject to and conditioned upon the approval, after notice and opportunity for hearing, of the Bankruptcy Court, and is not binding upon or enforceable against the parties until a final order approving the sale of the Medical Equipment free and clear of all liens, encumbrances, secured claims and competing interests in said Medical Equipment under 11 U.S.C. § 363. Upon Bankruptcy Court approval, all liens, encumbrances, secured claims and competing interests in said Medical Equipment shall transfer to the net sale proceeds.

2. Within ten (10) business days of the execution of this Contract, Trustee shall move the Bankruptcy Court for an order approving the above-mentioned sale under 11 U.S.C. § 363. In the even the Court does not approve said sale, the terms and conditions of this Contract, and any obligations and covenants made herein, shall be null and void, and County shall be obligated to the Bankruptcy Estate in the amount of ONE THOUSAND and NO/100 DOLLARS ($1,000.00) (hereinafter the "Rental Amount") for the agreed-upon rental value of the Medical Equipment used by County during each month of the "Rental Period", being the period from the date Debtor declared bankruptcy to the date the Court enters an Order denying the sale of the Medical Equipment, or any other event which bars, eliminates, or otherwise frustrates the intentions of the Parties to transfer the Medical Equipment. The Rental Amount shall be pro-rated for any partial month included in the Rental Period.

3. Upon Court approval and entry of a Final Order docketed in the above-reference action, Trustee shall release the Purchase Price from escrow and transfer the same into the Bankruptcy Estate. The Purchase Price shall be allocated as follows: $15,500 for the Ambulances and $14,500 for the Medical Supplies. Further, Trustee shall execute such bills of sale and vehicle title transfer documents as may be prepared or presented to him by County, subject to Trustee's reasonable approval as to the terms thereof, and reasonably required to affect the transfer of the Medical Equipment to County. The Trustee does not presently have the certificates of title for the Ambulances, so it will be incumbent upon County to obtain any replacement certificates of title if the originals cannot be located. The Trustee agrees to co-operate in a reasonable manner to aid County in obtaining the titles, including such turnover motions or other requests for court orders as may be reasonably necessary. The Purchase Price shall not be released until proper original or replacement certificates of title are obtained to the reasonable satisfaction of County, provided that the County acts promptly and in good faith to obtain proper title certification.

4. Pending Bankruptcy Court approval of the Transaction, the Trustee agrees to hold the Purchase Price funds in trust in the case account and act at all times as an escrow agent of the Purchase Price for the purposes of this transaction. He understands and assumes all rights, obligations, and liabilities as Escrow Agent under and pursuant to this Contract.

5. County agrees to keep the Medical Equipment insured and maintain liability insurance for the sum of $2,000,000 during the pendency of the sale, and agrees to hold the Bankruptcy Estate harmless for any loss, liability, or damages caused by the County's operation of the Medical Equipment pending the sale. Trustee shall be named as a primary loss payee in his capacity as a Chapter 7 bankruptcy trustee in the event an insurance claim is made in connection with use, misuse, damage, or performance of the Medical Equipment or liability incurred in the use thereof.

6. The County has had an adequate opportunity to inspect the Medical Equipment including the vehicles and the Trustee makes to representation or warranty as to the nature or extent of the interest of the Trustee therein including the year, make or model of any of the vehicles, the VIN being determinative.

7. It is explicitly agreed that no term of this Contract shall prejudice or affect County's claim against neither Debtor and/or its affiliates in the above-referenced action nor any defenses of the Bankruptcy Estate thereto, such matters being reserved for determination within the Bankruptcy Case under its normal progression.

8. This Contract is made in and shall be construed under the laws of the State of North Carolina. Venue and jurisdiction to interpret and enforce the terms thereof between the parties shall be deemed placed exclusively with the Bankruptcy Court.

9. This Contract is the entire agreement between the parties. There are no terms or conditions to this Contract which are not expressly set forth herein. This Contract may not be amended except by a written document signed by a duly authorized official of each party.

3

However, to the extent the terms of this Contract may differ with the Final Order, the terms of the Final Order shall control.

10. This Agreement may be executed in any number of counterparts and by the parties hereto on separate counterparts, each of which counterparts, when so executed and delivered (including by facsimile transmission), shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same Agreement.

11. This Contract shall be binding upon the assigns and successors in interest of the parties. The County may assign its rights under the Contract to such division or entity as may be appropriate in its discretion.

IN WITNESS WHEREOF, the parties hereto, through their duly authorized representatives, have executed this Contract as of this the day and year first above written.

_____ , Ch. 7 Trustee
Algernon L. Bulter, III
Chapter 7 Trustee for Coastline Care, Inc., Debtor
BUTLER & BUTLER, L.L.P.
111 North Fifth Avenue
Wilmington, NC 28401
Telephone: (910) 762-1908
Facsimile: (910) 762-9441

COUNTY OF BERTIE, NORTH CAROLINA:

By: _____
Name: J. WALLACE PERRY
Title: CHAIRMAN, COUNTY COMM.

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NOS.: |
| AMERICAN AMBULETTE & AMBULANCE SERVICE, INC., D/B/A MEDCORP, D/B/A LIFE AMBULANCE | 13-07673-8-SWH |
| COASTLINE CARE, INC. | 13-07676-8-SWH |
| EASTERN SHORE ACQUISITION CORPORATION | 13-07678-8-SWH |
| EASTERN SHORE AMBULANCE, INC. | 13-07679-8-SWH |
| MARMAC TRANSPORTATION SERVICES, INC. | 13-07680-8-SWH |
| TRANSMED, LLC, D/B/A TRANSMED OF GEORGETOWN, LLC | 13-07681-8-SWH |
| **DEBTORS** | **CHAPTER 7** |

**NOTICE OF MOTION FOR APPROVAL OF PRIVATE SALE OF BERTIE COUNTY ASSETS**

NOTICE IS HEREBY GIVEN of the Motion for Approval of Private Sale of Bertie County Assets filed by the Chapter 7 Trustee in the above-referenced case simultaneously herewith, a copy of which motion is attached hereto; and

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the relief sought in Motion, or if you want the Court to consider your views on the Motion, then on or before January 30, 2014, unless otherwise ordered, you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at: U. S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602. (As a Filing User of the Court's Electronic Case Filing System you may be required to electronically file a response). If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to the attorney whose name appears at the bottom of this notice, to the bankruptcy administrator, and to other parties in interest.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified

accordingly. Any party filing a response to the Motion shall appear at any hearing in support of the objection or may be assessed with costs.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

DATED:    January 9, 2014

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age, and that the

### MOTION FOR APPROVAL OF PRIVATE SALE OF BERTIE COUNTY ASSETS and NOTICE OF MOTION

in the above captioned case was this day served upon the below named persons as follows:

<u>Via first class mail at the addresses shown below and on the attached short matrix:</u>

Joseph N. Callaway
Post Office Box 7100
Rocky Mount, NC 27804-0100

DATED:    January 9, 2014

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
NC State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile   (910) 762-9441

Short Matrix – Revised 1/3/14

David A. Wender
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

Henry L. Kitchin Jr.
McGuireWoods LLP
300 North Third Street, Suite 320
Wilmington, North Carolina 28401

Algernon L. Butler, III
Butler & Butler, LLP
P.O. Box 38
Wilmington, NC 28402

Henry L. Kitchin Jr.
McGuireWoods LLP
300 North Third Street, Suite 320
Wilmington, North Carolina 28401

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

Oliver Carter III
Attorney for Branden Engle
408 Market Street
Wilmington, NC 28401

John H. Hall, Jr
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, New York 11590

David A. Greer, Esquire
The Law Offices of David A. Greer PLC
500 East Main Street, Suite 1225
Norfolk, VA 23510