## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NOS.:** |
| **AMERICAN AMBULETTE & AMBULANCE SERVICE, INC.,**<br>**D/B/A MEDCORP, D/B/A LIFE AMBULANCE** | **13-07673-8-SWH** |
| **COASTLINE CARE, INC.** | **13-07676-8-SWH** |
| **EASTERN SHORE ACQUISITION CORPORATION** | **13-07678-8-SWH** |
| **EASTERN SHORE AMBULANCE, INC.** | **13-07679-8-SWH** |
| **MARMAC TRANSPORTATION SERVICES, INC.** | **13-07680-8-SWH** |
| **TRANSMED, LLC,**<br>**D/B/A TRANSMED OF GEORGETOWN, LLC** | **13-07681-8-SWH** |
| **DEBTORS** | **CHAPTER 7** |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the Motion for Substantive Consolidation of Cases (the "Motion") filed by the Trustee in the above-referenced cases simultaneously herewith, a copy of which is attached hereto; and

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the relief sought in Motion, or if you want the Court to consider your views on the Motion, then on or before February 11, 2014, unless otherwise ordered, you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:  U. S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602.  (As a Filing User of the Court's Electronic Case Filing System you may be required to electronically file a response).  If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.  You must also mail a copy to the attorney whose name appears at the bottom of this notice, to the bankruptcy administrator, and to other parties in interest.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified

accordingly.  Any party filing a response to the Motion shall appear at any hearing in support of the objection or may be assessed with costs.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

DATED:          January 28, 2014

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No.  20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile   (910) 762-9441

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NOS.:** |
| **EASTERN SHORE ACQUISITION CORPORATION** | **13-07678-8-SWH** |
| **EASTERN SHORE AMBULANCE, INC.** | **13-07679-8-SWH** |
| **AMERICAN AMBULETTE & AMBULANCE SERVICE, INC.,** **D/B/A MEDCORP, D/B/A LIFE AMBULANCE** | **13-07673-8-SWH** |
| **COASTLINE CARE, INC.** | **13-07676-8-SWH** |
| **TRANSMED, LLC,** **D/B/A TRANSMED OF GEORGETOWN, LLC** | **13-07681-8-SWH** |
| **MARMAC TRANSPORTATION SERVICES, INC.** | **13-07680-8-SWH** |
| **DEBTORS** | **CHAPTER 7** |

**MOTION FOR SUBSTANTIVE CONSOLIDATION OF CASES**

NOW COMES Algernon L. Butler, III ("Trustee"), as Chapter 7 Trustee in the above-referenced bankruptcy cases, by and through counsel, and respectfully moves the Court to enter an order substantively consolidating the above-referenced bankruptcy cases for all purposes including assets, liabilities, and administration. In support hereof, the Trustee shows unto the Court the following:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2.      On December 11, 2013 (the "Petition Date"), the above-referenced Debtors filed petitions for relief under Chapter 7 of the Bankruptcy Code, and Algernon L. Butler, III was appointed as Chapter 7 Trustee to fulfill the duties set forth in 11 U.S.C. § 704.

3.      The Schedules of the Debtors were filed on December 20, 2013, and the § 341 Meeting of Creditors commenced on January 7, 2014.

4.     Prior to the Petition Date, the Debtors were engaged in the business of providing ambulance and wheelchair transportation services in various locations.

5.     Property of these estates includes an estimated approximately 575+/- ambulances, wheelchair vans, and other vehicles, together with additional items of personal property including defibrillators, stretchers, soft supplies, computers, radios, other and electronic/IT equipment, furniture, office equipment and real property (the "Property").  The Property is located between approximately 40+/- physical locations in Alabama, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, Virginia and West Virginia.  Most of the premises where the Property is located were leased by one or more of the Debtors.

6.     Although there is no express provision in the Bankruptcy Code, courts—including the Bankruptcy Court for the Eastern District of North Carolina—have long recognized the power of the bankruptcy court to "grant substantive consolidation of separate bankruptcy estates pursuant to its general equitable powers under § 105 of the Bankruptcy Code."  In re Eagle Creek Subdivision, LLC, 407 B.R. 206, 208 (Bankr. E.D.N.C. 2008) (citing Union Sav. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co.), 860 F.2d 515, 518 (2d Cir.1998)).

7.     In determining whether to substantive consolidation is appropriate and necessary, the Court has applied a two-factor test which considers "(i) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, . . . or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." Id. (quoting In re Convalescent Ctr. of Roanoke Rapids, Inc., No. 06–00310–8–RDD, 2006 WL 3377055 (Bankr. E.D.N.C. Aug. 7, 2006)).

8.     Prior to the Petition Date, the Debtors routinely made intercompany transfers, incurred and satisfied debts on behalf of one another, and entered into contracts that obligated all Debtors as if they were a single entity.  These actions are evidenced in the Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs, which were attached to each of the Debtors' Schedules and Statements of Financial Affairs in each of the above-referenced bankruptcy cases, and which provide as follows:

**Accounts Payable.** The financial affairs and business of the Affiliated Debtors are complex. Prior to the Petition Date, the Affiliated Debtors may have made certain payments on behalf of one another. This situation is particularly true of Eastern Shore Acquisition Corporation, which is the parent entity for TransMed LLC, Eastern Shore Ambulance, Inc., Coastline Care Incorporated, and MarMac Transportation Services Inc. As a result, certain payments in the Schedules and Statement may have been made prepetition by one entity on behalf of another entity through the operation of a partially or substantially consolidated cash management system.

**Intercompany Transactions.** Prior to the Petition Date, the Affiliated Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable. These intercompany accounts payable and receivable are settled through a series of netting transactions. As such, the respective intercompany accounts payable and receivable as of the Petition Date are not listed in the Schedules and Statement. If possible, the Affiliated Debtors may supplement the Schedules and Statement with the intercompany account balances at a later date.

**Umbrella or Master Agreements.** Some of contracts listed in the Schedules and Statement may include umbrella or master agreements that cover relationships with some or all of the Debtors and non-debtor Ambulance Holdings LLC.

9.      Additionally, the Exhibits to the Debtors' Statements of Financial Affairs Question No.3 which were filed on January 21, 2014 further display a substantial amount of prepetition transfers between the Debtors.

10.     The bankruptcy Petitions, Schedules and Statements of Financial Affairs for each of the Debtors were signed by the same individuals.

11.     Each of the bankruptcy Petitions for each of the Debtors was filed with the same matrix of parties in interest which included an estimated 21,000 entities.

12.     The Debtors shared common directors and officers, and the same persons performed substantially all of their record keeping functions.

13.     The Debtors essentially shared common ownership and are affiliates of one another.

14.     Each of the Debtor's liabilities exceed the value of its assets and each of the Debtors pledged its assets to secure, and guarantied, the indebtedness owing to Bank of Montreal as Administrative Agent, which appears to be owed approximately $28,000,000 or more.

15.     Each of the Debtors scheduled a substantial amount of priority wage claims owing to former employees, which wage claims total approximately $2,300,000 among all Debtors.  An adversary proceeding (AP # 13-00215) has been filed in the American Ambulette case which seeks to recover against the Debtors for alleged violations of the WARN Act and which seeks class action status for the class of all former employees.  Counsel for the plaintiff in that action has consented to the substantive consolidation of these cases.

16.     The Debtors have purchased goods and services for each other's account.

17.     The Debtors have both transferred and allocated the use of assets among each other.

18.     The Debtors have prepared consolidated financial statements.

19.     Since the formation of the Debtors, the Debtors have shared common office spaces, telephone numbers, employees and personnel, and management, and have operated as one entity for most practical purposes.

20.     The Debtors have held themselves out to their creditors as a single entity.

21.     As a result of the transfer of assets, incurrence of debts, allocations and guaranties of common liabilities, and the complex and interwoven nature of the Debtors' affairs, the Debtors have paid each others' obligations and have transferred funds between themselves to meet obligations as they have matured.

22.     The affairs of the Debtors are so entangled that substantive consolidation would benefit all creditors.

23.        The Trustee believes that substantive consolidation is in the best interests of the estates and creditors of all of the Debtors.

24.        The Trustee requests that the consolidated cases be identified as "American Ambulette and Ambulance Service, Inc.," Case No.: 13-07673-8-SWH, which should be the lead case in all pleadings filed following the entry of the Court's order consolidating the cases.

WHEREFORE, the Trustee requests that the Court enter an order substantively consolidating the above-referenced bankruptcy cases for all purposes including assets, liabilities, and administration, and that the Court provide such other relief as it may deem just and proper.

BUTLER & BUTLER, L.L.P.

DATED:        January 28, 2014

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No.  20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile   (910) 762-9441

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age, and that the

### MOTION FOR SUBSTANTIVE CONSOLIDATION OF CASES
### and NOTICE thereof

in the above captioned case was this day served upon the below named persons as follows:

Via first class mail at the addresses shown on the attached short matrix.


Dated:  January 28, 2014                    BUTLER & BUTLER, LLP

                                            s/Algernon L. Butler, III
                                            P.O. Box 38
                                            Wilmington, NC 28402
                                            Telephone: (910) 762-1908
                                            Facsimile: (910) 762-9441

Short Matrix – Revised 1/27/14

David A. Wender
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

Henry L. Kitchin Jr.
McGuireWoods LLP
300 North Third Street, Suite 320
Wilmington, North Carolina  28401

Algernon L. Butler, III
Butler & Butler, LLP
P.O. Box 38
Wilmington, NC 28402

David A. Greer, Esquire
The Law Offices of David A. Greer PLC
500 East Main Street, Suite 1225
Norfolk, VA 23510

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

Oliver Carter III
Attorney for Branden Engle
408 Market Street
Wilmington, NC 28401

John H. Hall, Jr
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, New York 11590

Danielle M. Tanfield
Hann Financial Service Corp.
One Centre Drive
Jamesburg, NJ 08831

Theodore A. Nodell, Jr.
Nodell, Glass and Haskell, L.L.P.
5540 Centerview Drive, Suite 416
Raleigh, North Carolina 27606

Christine L. Myatt
NEXSEN PRUET, PLLC
Post Office Box 3463
Greensboro, NC 27402

Thomas W. Waldrep, Jr.
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101

Thomas A. Gray
of Smith Debnam Narron Drake
Saintsing & Myers, LLP
Post Office Box 26268
Raleigh, North Carolina 27611

Crystal A. Bagwell
22222 Shirley Circle
Parksley, VA 23421

Robert J. Sochia II
4783 Baker Rd.
New Marshfield, OH 45766

Shawn H. Heming
6608 Cove Point Drive
Wilmington, NC 28409

Stuart A. Laven, Jr.
Cavitch Familo & Durkin Co., L.P.A.
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114

Johanna Conley
1282 W. Nimisila Rd
Clinton, OH 44216

PNC Equipment Finance, LLC
c/o S. Troy Staley
Hutchens Law Firm
Bankruptcy Department
Post Office Box 2505
Fayetteville, NC 28302

Bullock, LLC dba The Cotton Exchange
c/o Gillespie & Murphy, PA
Robert J Anderson
321 N Front Street
Wilmington, NC 28401

Oliver Carter III
Attorney for ACO Development, LLC
408 Market Street
Wilmington, NC 28401